UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

CHELIA BRADSHAW                                CIVIL ACTION

VERSUS                                         NO. 11-967

HARRAH'S NEW ORLEANS                           SECTION "F"
MANAGEMENT CO., ET AL

                          ORDER & REASONS

    Before the Court is the plaintiff's motion to remand.  For the following reasons, the motion is DENIED.

                          **Background**

    Chelia Bradshaw sued WMS Gaming, Inc. and Harrah's New Orleans Management Co. in the Civil District Court for Orleans Parish on June 7, 2010.  She amended her complaint to substitute Jazz Casino Company LLC (JCC) for Harrah's July 20, 2010.

    In her complaint, the plaintiff alleges that she suffered an injury at Harrah's Casino in New Orleans on July 24, 2009 as a result of the collapse of a WMS-manufactured stool.  Plaintiff seeks damages for "physical injury and pain as a result of injuries to her middle and low back and other parts of her body, including aggravation of conditions that may have predated the accident," for "mental pain and suffering, loss [of] wages, income, earning, and/or earning capacity" and because she "cannot provide services for herself that she would have otherwise provided."  Her papers did not plead this Court's jurisdictional amount in controversy but admit damages exceeding $50,000.  Defendants removed on April 25,

                                1

2011 after receiving plaintiff's discovery responses on March 31, 2011.

It is not seriously disputed that the jurisdictional amount is satisfied, that the plaintiff is either a resident of Louisiana and Tennessee, and that WMS Gaming is a citizen of Delaware, its place of incorporation, and Illinois, its principle place of business.[1] The parties, however, disagree on the citizenship of JCC. JCC asserts that is a citizen of the state of its single member, JCC Holding II, LLC, which traces to a single ownership member, Caesars Entertainment Operating Co., Inc., a Delaware Corporation with its principal place of business in Nevada.

Contending that JCC is a citizen of Louisiana, and also asserting that removal was untimely, the plaintiff moves to remand.

## **Law & Analysis**

I.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal

---

[1] It is also not disputed that Harrah's is a citizen of Nevada, its place of incorporation and principal place of business.

statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. & Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including complete diversity.[2] Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc). Here the parties' dispute over JCC's citizenship leaves the question of complete diversity unanswered.

The U.S. Court of Appeals for the Fifth Circuit has recently held that the citizenship of a limited liability company is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). JCC, a limited liability company, is therefore a citizen of the state of its only member, JCC Holding II, LLC, which is also an LLC. Because JCC Holding II's sole member, Caesars Entertainment Operating Co., Inc., is a Delaware corporation with its principal place of business in Nevada, the Court finds that JCC is also a citizen of Delaware and Nevada for the purposes of evaluating

---

[2] Section 1332 also requires the amount in controversy exceed $75,000. Here this is not in dispute and, moreover, it is facially apparent this amount is met: plaintiffs allege they lost hundreds of thousands of dollars because of the defendants' actions.

jurisdiction. These assertions are supported by the affidavit of Michael Cohen, Secretary of JCC, and the plaintiff offers nothing to show that JCC is not an LLC or to dispute the citizenship of its sole member, JCC Holding II.

II.

The Court now turns to the question of timeliness. 28 U.S.C. § 1446(b) provides that

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based [.] . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

The Fifth Circuit has clarified that "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). Upholding the trial court's decision not to remand, the appellate court implied that removal was timely when it took place within thirty days of receiving interrogatories in which

4

the jurisdictional amount first became clear.  See id.

The Court finds that from the allegations in plaintiff's lawsuit, the jurisdictional amount pleadings are compliantly unclear.  The more developed allegations in her amended petition state that the plaintiff

> suffered physical injury and pain as a result of the injuries to her middle and low back and other parts of her body, including aggravation of conditions that may have predated the accident; mental pain and suffering, emotional anguish, loss of enjoyment of life; and economic loss, including medical bills, loss [of] wages, income, earnings and/or earnings capacity and [that she] cannot provide services for herself that she would have otherwise provided.

Because plaintiff admits damages that exceed $50,000 and there is no other evidence that the defendants should have understood the jurisdictional amount potential before March 31, 2011 when they received plaintiff's discovery responses, and because they removed within thirty days of that date, removal was timely.

IT IS THEREFORE ORDERED:  The plaintiff's motion is DENIED.

New Orleans, Louisiana, June 20, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE